**Electronically Filed**
**Intermediate Court of Appeals**
**30547**
**13-FEB-2012**
**08:16 AM**

NO. 30547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHARLES DAVID BOYD, Plaintiff-Appellant/Cross-Appellee,
v.
THE UNIVERSITY OF HAWAI'I, a body corporate, MARLA BERRY,
ROSANNE HARRIGAN, PING AN LI, SAMUEL SHOMAKER,
GARY OSTRANDER, KENNETH KIPNIS, VISSILIS SYRMOS,
Defendants-Appellees/Cross-Appellants,
and
JOHN AND JANE DOES 1-20 and DOE INSTITUTES 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0989)


MEMORANDUM OPINION
(By: Foley, Presiding J, Fujise and Ginoza, JJ.)


Plaintiff-Appellant/Cross-Appellee pro se Charles David Boyd (Boyd or Plaintiff) appeals from the Final Judgment filed on February 25, 2010 in the Circuit Court of the First Circuit[1] (circuit court). The circuit court entered judgment in favor of Defendants-Appellees/Cross-Appellants The University of Hawai'i (University), Marla Berry, Rosanne Harrigan, Ping An Li, Samuel Shomaker, Gary Ostrander (Ostrander), Kenneth Kipnis, and Vassilis L. Syrmos (Syrmos) (collectively, UH or Defendants) and against Boyd. UH cross-appeals from the Final Judgment.

---

[1] The Honorable Karl Sakamoto presided.

On appeal, Boyd contends the circuit court erred in dismissing his May 16, 2008 Complaint (Complaint).

In UH's cross-appeal, it contends the circuit court erred in issuing its May 4, 2010 "Order Granting in Part and Denying in Part Plaintiff's Motion to Disallow Taxation of Costs in Favor of Defendants, Filed March 22, 2010" when the court reduced the award of costs to UH from $2,522.77 to $720.27 without providing justification as required by Hawai'i Rules of Civil Procedure Rule 54(d) and Hawaii Revised Statutes (HRS) § 607-9 (1993).

## I.  BACKGROUND

In Boyd's Complaint against UH, he alleged violations of article I, sections 4 and 5 of the Hawai'i Constitution and HRS § 378-61 [sic] (1993), negligent infliction of emotional distress, intentional infliction of emotional distress, gross negligence, and respondent superior.

On March 10, 2009, UH filed their Motion to Dismiss Boyd's Complaint.  On August 10, 2009, the circuit court filed its "Order Granting In Part and Denying In Part [UH's] Motion to Dismiss, Filed March 10, 2009" (August 10, 2009 Order), in which the court dismissed Counts 1 through 5 and Count 7 and partially dismissed Count 6.

On September 30, 2009, UH filed their "Renewed Motion to Clarify or Revise Order Granting in Part and Denying in Part Their Motion to Dismiss Filed March 10, 2009, Filed August 10, 2009, or, in the Alternative, for Dismissal of All Remaining Claims" (Renewed Motion).  On December 22, 2009, the circuit court granted UH's Renewed Motion and dismissed all of Boyd's remaining claims.  On February 25, 2010, the circuit court entered its Final Judgment against Boyd on all claims in his Complaint.

On March 2, 2010, UH filed a Notice of Taxation of Costs, asking for costs of $2,522.77.  On March 10, 2010, the circuit court granted costs in favor of UH in the amount of

$2,522.77. Boyd filed his "Motion to Disallow Taxation of Costs in Favor of Defendants" on March 22, 2010. The circuit court filed its "Order Granting in Part and Denying in Part Plaintiff's Motion to Disallow Taxation of Costs in Favor of Defendants, Filed March 22, 2010" on May 4 2010, reducing the award from $2,522.77 to 720.27.

Boyd and UH each timely appealed.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

> A trial court's ruling on a motion to dismiss is reviewed de novo. The court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief.

Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) (internal quotation marks and citations omitted).

### B. Award of Costs

> The award of a taxable cost is within the discretion of the circuit court and will not be disturbed absent a clear abuse of discretion. An abuse of discretion occurs when the circuit court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 10-11, 143 P.3d 1205, 1212-13 (2006) (internal quotation marks, citations, and brackets omitted).

## III. DISCUSSION

### A. The circuit court did not err in finding that Counts 1 through 5 and a portion of Count 6 of Boyd's Complaint are barred by the statute of limitations.

Boyd contends the circuit court erred in finding that Counts 1 through 5 and part of Count 6 were barred by the statute of limitations. Boyd alleged violations of the Whistleblowers' Protection Act, HRS § 378-61 et seq., under Counts 1 through 3, and negligent and intentional infliction of emotional distress

under Counts 4 and 5.[2]  Under the statute of limitations for the
Whistleblowers' Protection Act, "[a] person who alleges a
violation of this [act] may bring a civil action for appropriate
injunctive relief, or actual damages, or both within two years
after the occurrence of the alleged violation of this part."  HRS
§ 378-63(a) (2010 Supp.).  Similarly, "[a] tort claim against the
State shall be forever barred unless action is begun within two
years after the claim accrues."  HRS § 662-4 (1993).  In
accordance with these statutory provisions, the circuit court
held in its August 10, 2009 Order:

> FOR COUNTS [1] THROUGH [6], the Court will DISMISS
> alleged events that occurred outside the two year statute of
> limitation set forth in the State Tort Liability Act, HRS
> § 662-4, and the Whistleblowers' Protection Act, HRS § 378-
> 63.  The Complaint was filed May 16, 2008, therefore, [Boyd]
> will be statutorily barred from bringing an action based
> upon any acts alleged that occurred prior to May 16, 2006.[3]

The circuit court went on to hold that Counts 1 through 5
described actions alleged to have taken place in or before 2005
and dismissed those counts for alleging actions outside the
statute of limitations.  The circuit court partially dismissed
Count 6 by limiting that count to paragraphs 97 through 101 of
the Complaint, as such paragraphs contained actions alleged to
have occurred in 2007 and 2008.  **Id.**

Boyd essentially argues that the actions alleged in
Count 6 that are not barred by the statute of limitations apply
to all counts -- not only Count 6.  Yet Boyd points to nothing in
the Complaint that would indicate the actions alleged in Count 6
would also apply to Counts 1 through 5.  As the actions alleged

---

[2]  In his Complaint, Boyd alleged violations of "Section 1 Articles
§§ 4 & 5 of the Hawaii State Constitution"; however, such provisions do not
actually exist.  It appears that Boyd is referring to article 1, section 4
(Freedom of Religion, Speech, Press, Assembly and Petition) and article 1,
section 5 (Due Process and Equal Protection) of the Hawaii Constitution.  Boyd
does not, however, indicate in his Complaint on which specific actions the
constitutional claims are based, nor specifically which constitutional rights
were harmed by the actions of UH.  The circuit court seemingly ignored the
constitutional claims as they are not addressed in the August 10, 2009 Order.

[3]  Paragraphs 61 through 63 of Counts 1 through 3 alleged certain
actions of UH during September 2006 and 2008, but these allegations do not
constitute a cause of action.

in Counts 1 through 5 and a portion of the actions alleged in Count 6 occurred prior to May 16, 2006, the circuit court did not err in holding that those claims are barred by the applicable statutes of limitations.

B.    **The circuit court did not err in holding that the continuing tort exception does not apply.**

Boyd contends the continuing tort exception should be applied to Counts 1 through 5 and the portions of Count 6 dismissed by the circuit court in its August 10, 2009 Order. The circuit court held that Boyd's allegations "do not fall within the continuing tort exception with regard to the tolling of the statute of limitations on the tort claims."

"[A] continuing tort is a tortuous act that occurs so repeatedly that it can be termed 'continuous,' such that one may say that the tortuous conduct has not yet ceased. Accordingly, the statute of limitations cannot run, because the tortuous conduct is ongoing." Anderson v. State, 88 Hawaiʻi 241, 248, 965 P.2d 783, 790 (App. 1998).

Boyd did not allege the type of conduct that the continuing tort exception is intended to encompass, nor did Boyd allege the continuing tort doctrine at all in his Complaint. As the circuit court correctly stated in the August 10, 2009 Order, "the circumstances alleged in this Complaint are factually distinguishable from those prior Hawaiʻi cases; what we have here, more closely, is a series of separate and distinguishable acts that have been alleged throughout the numerous paragraphs of the [C]omplaint."

C.    **The circuit court did not err in holding that the remaining portions of Count 6 did not meet the requirements for negligent infliction of emotional distress.**

The circuit court dismissed the remaining claims under Count 6 in its order granting UH's Renewed Motion, holding that the allegations were not actionable as pled and that Boyd had not properly alleged a physical injury as was required for negligent

infliction of emotional distress under HRS § 663-8.9 (1993). A claim under HRS § 663-8.9 "requires a predicate physical injury to the [claimant alleging negligent infliction of emotional distress] before he or she may recover damages for negligent infliction of emotional distress." Doe Parents No. 1 v. State of Hawaiʻi, Dep't of Educ., 100 Hawaiʻi 34, 69, 58 P.3d 545, 580 (2002).

Boyd contends the circuit court erred in dismissing the remaining portions of Count 6 because he properly alleged a physical injury in the Complaint by claiming to have suffered from "memory loss." However, Boyd points to no authority that would indicate memory loss is considered a physical injury under HRS § 663-8.9.

Boyd also alleged in Count 6 that UH was grossly negligent. However, Boyd's factual allegations do not support that claim.

D.    **The circuit court did not err in holding that it lacked jurisdiction over Count 7.**

In the order granting UH's Renewed Motion, the circuit court dismissed Count 7 as it applied to Ostrander and Syrmos acting in their official capacity, citing to HRS § 304A-108 (2007 Repl.), which states that "all claims arising out of the acts or omissions of the university or . . . its employees . . . may be brought only pursuant to this section and only against the university." It is clear from the plain language of this statute that only University itself may be sued for acts or omissions of its employees acting in their official capacities.

Based on sovereign immunity, the circuit court then dismissed Count 7 as it applied to University. Id. "[I]t is well established that the State's liability is limited by its sovereign immunity, except where there has been a 'clear relinquishment' of immunity and the State has consented to be sued." Taylor-Rice v. State of Hawaiʻi, 105 Hawaiʻi 104, 109, 94

P.3d 659, 664 (2004) (citation omitted); see also HRS § 662-15(4) (Supp. 2010).

In his Complaint, Boyd specifically alleged under Count 7 that the conduct of Ostrander and Syrmos, acting in their official capacity, as well as the conduct of University, was the cause of harm to Boyd. Boyd presents no credible argument why the circuit court's dismissal of Count 7 should be reversed.

E.    **The circuit court partially erred in reducing the award of costs from $2,522.77 to $720.27.**

On cross-appeal, UH contends the circuit court erred in reducing the award of costs from $2,522.77 to $720.27. In Boyd's Motion to Disallow Taxation Of Costs in Favor of [UH], he argued that the original award of $2,522.77 included improper awards for messenger service fees, out-sourced copying charges, costs associated with Boyd's rule 11 motion, non-detailed in-house copying costs, and certain costs involving transcripts. The circuit court partially granted this motion and accordingly reduced the original award of $2,522.77 to $720.27.

HRS § 607-9 allows for an award of costs for "intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court." Boyd correctly argued that costs associated with messenger and delivery services are generally not considered taxable costs. "[E]xcept in the rare circumstance where the need in a particular case is extraordinary in its volume or nature, the cost of this function . . . is properly treated as overhead. . . . [M]essenger fees are not taxable costs[.]" Kikuchi v. Brown, 110 Hawai'i 204, 213, 130 P.3d 1069, 1078 (App. 2006). As no rare or extraordinary circumstances were present, the circuit court correctly reduced the original award cost by the $415.97 originally awarded for messenger and delivery services.

7

Similarly, Boyd correctly argued that $256.47 in out-sourced copying and $180.15 in unjustified in-house copying was improper. While HRS § 607-9 does allow for necessary copies to be considered as taxable costs, UH fails to provide any description for the out-sourced copies and for $180.15 in in-house copies described only as "June 2008 copies" and "July 2008 copies." Without further description or explanation, these copies do not meet the requirements for taxable costs, and the circuit court correctly removed these items from the cost award.

Boyd also argued that all costs ($325.83) associated with his Rule 11 Sanctions Motion should be disallowed. In its January 15, 2010 order denying Boyd's motion for Rule 11 sanctions, the circuit court specifically denied UH's request for attorney's fees and costs associated with the Rule 11 motion. . Therefore, the circuit court properly denied the requested costs of $325.83.

The circuit court erred, however, when it reduced the original award amount by the $624.08 in transcript costs associated with Boyd's motion for injunctive relief. Boyd argued that "transcripts as Court-Reporter fees" were appropriate only when such transcripts were necessary and that UH provided no description or justification for the transcripts they obtained concerning Boyd's motion for injunctive relief. A nearly identical argument was dismissed in <u>Wong v. Takeuchi</u>, 88 Hawai'i 46, 53, 961 P.2d 611, 618 (1998). In <u>Wong</u>, appellant argued that the appellee offered

> no explanation as to why these depositions and/or the costs they incurred were necessary. Deposition costs are only taxable if they are necessary and therefore, [appellant's] failure to show why these depositions and/or the costs they incurred were necessary make it clear that it would be an abuse of discretion for this court to tax them to [appellee.]

<u>Id.</u> The court rejected this argument, stating that

> when costs are awardable to a prevailing party under HRCP Rule 54(d) and a particular taxable cost is allowed by statute or precedent, then actual disbursements for this purpose are presumptively reasonable. The adverse party has the burden of challenging the reasonableness of a particular

8

> cost request. In the absence of a challenge to a particular request, it is not an abuse of discretion for a court to award the cost requested as presumptively reasonable.

Id. at 53-54, 961 P.2d 618-19 (footnote omitted). Because the costs associated with transcripts and court reporter fees are presumptively reasonable, the burden was on Boyd to demonstrate that the cost was not reasonable. Therefore, Boyd's argument that UH failed to justify the reasonableness of the costs of the transcripts associated with Boyd's motion for injunctive relief fails.

The circuit court's reduction of the original award of $2,522.77 was proper with the exception of the $624.08 reduction for the cost of transcripts. Therefore, the proper award should have been $1,344.35.

## IV. CONCLUSION

The Final Judgment filed on February 25, 2010 in the Circuit Court of the First Circuit is affirmed. The "Order Granting in Part and Denying in Part Plaintiff's Motion to Disallow Taxation of Costs in Favor of Defendants, Filed March 22, 2010" filed on May 4, 2010 is vacated, and this case is remanded to the circuit court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, February 13, 2012.

On the briefs:

Charles David Boyd
Plaintiff-Appellant/
Cross-Appellee pro se.

Kenneth S. Robbins
John-Anderson L. Meyer
Sergio Rugo
(Robbins & Associates)
for Defendants-Appellees/
Cross-Appellants.

Presiding Judge

Associate Judge

Associate Judge